IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNCOMMON, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CASETAGRAM LIMITED d/b/a CASETIFY, <br><br> Defendant. | Case No. 1:16-cv-04691 <br><br> Jury Trial Demanded |

**DEFENDANT CASETAGRAM LIMITED'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. PROC. 12(b)(5)**

Defendant Casetagram Limited d/b/a Casetify ("Casetify") hereby files the following motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(5).

Casetify is a Hong Kong limited company with its principal place of business in Hong Kong. Decl. of Wesley Ng ("Ng Decl.") ¶ 2. Casetify does not have any offices in the U.S., nor does it have any U.S. subsidiary or parent company. *Id.* All of Casetify's officers, managers, and employees are in Hong Kong. *Id.* ¶ 3. Casetify has no U.S. employees, though it does have independent contractors who reside in California. *Id.* However, Casetify is not registered to do business in California, and does not have a designated agent for service of process in California. *Id.*

Notwithstanding these facts, Plaintiff Uncommon, LLC ("Plaintiff") made no effort to serve the summons and complaint in this action on Casetify in Hong Kong, pursuant to FRCP 4(f) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Instead, Plaintiff served one of Casetify's independent contractors at the California office of an independent company that does business with Casetify. ECF 8 (Affidavit of Service); Ng Decl. ¶¶ 4-7. Service was not made on any officer or agent for service of process of Casetify, nor was it even at an office of Casetify. *Id.* As explained in more detail below, this

1

is insufficient under both the FRCP and Illinois and California state law. Thus, the Court should dismiss the case for insufficient service of process.

I.      LEGAL STANDARD

"[V]alid service of process is necessary in order to assert personal jurisdiction over a defendant" and "it is well recognized that a defendant's actual notice of the litigation is insufficient to satisfy Rule 4's requirements." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) (internal quotation omitted). "When a defendant challenges the sufficiency of service of process, the plaintiff must make a prima facie showing of proper service by competent proof." *Rosen v. Mystery Method, Inc.*, No. 07C5727, 2008 WL 410642, at *2 (N.D. Ill. Feb. 13, 2008). "The Seventh Circuit has defined competent proof as proof to a reasonable probability that jurisdiction exists." *Id.* (internal quotation omitted).

Casetify is a Hong Kong limited company, which is similar to a limited liability company ("LLC") in the U.S.[1] FRCP 4(h) contemplates several types of business entities: "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name." Federal courts have held that the phrase "unincorporated association" in other federal laws related to jurisdiction refers to "all non-corporate business entities," including LLCs. *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 702-05 (4th Cir. 2010). Thus, Casetify is an unincorporated association for purposes of this analysis.

FRCP 4(h)(1) provides that an unincorporated association may be served in the U.S.:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant … .

FRCP 4(e)(1) further provides that a person may be served in the U.S. by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

---

[1] https://en.wikipedia.org/wiki/Limited_liability_company#Hong_Kong.

2

In this case, the complaint was filed in Illinois, but the summons and complaint were served in California.

Illinois law allows service on an unincorporated association through "any officer of the association personally or by leaving a copy of the process at the office of the association with an agent of the association." 735 Ill. Comp. Stat. Ann. 5/2-205.1. Illinois law allows service on a private corporation "by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State." 735 Ill. Comp. Stat. Ann. 5/2-204.

California law has a more specific provision allowing service on a limited liability company through its designated agent for service of process. Cal. Corp. Code § 17701.16(b).

## II.     ARGUMENT

### A.    Service Was Insufficient Under FRCP(h)(1)(B) Because Ms. Yoon Is Not an Officer or Managing, General, or Authorized Agent of Casetify.

For a limited liability company like Casetify, FRCP 4(h)(1)(B) allows service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." However, Plaintiff served the complaint on Ms. Yoon, who is none of these things. Specifically, Ms. Yoon is an independent contractor who provides services to Casetify, not an officer, managing or general agent, or authorized agent for service of process of Casetify. Ng Decl. ¶ 7. Plaintiff may argue that Ms. Yoon is a "managing or general agent" of Casetify. "The circuit courts agree that a managing agent must be endowed by the principal with the 'managerial authority' that allows him to make decisions on behalf of the corporation." *Dominion Expl. & Prod., Inc. v. Delmar Sys., Inc.*, No. CIV.A. 07-9492, 2009 WL 701717, at *1 (E.D. La. Mar. 13, 2009) (citing *Lone Star Package Car. Co. v. Baltimore & O.R. Co.,* 212 F.2d 147, 152 (5th Cir. 1954); *Dodco Inc. v. Am. Bonding Co.,* 7 F.3d 1387, 1389 (8th Cir. 1993); *Jennings v. McCall Corp.,* 320 F.2d 64, 66, 72 (8th Cir. 1963); *Harris v. Gland–O–Lac Co.,* 211 F.2d 238 (6th Cir. 1954)). The Third Circuit has explained that "a managing or general agent … will have broad executive responsibilities and that his relationship will reflect a degree of continuity. [] Authority to act as agent sporadically or in a single transaction ordinarily does not

satisfy this provision of the Rule." *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513 (3d Cir. 1971) (citations omitted). Ms. Yoon has no such managerial or executive responsibilities or authority for Casetify, and therefore cannot be considered a "managing or general agent." *See* Ng Decl. ¶ 7.

It is also notable that Ms. Yoon was served at the office of Westside Lab, an independent company for which she also provides services as an independent contractor. Ng Decl. ¶¶ 5-7. In *United States v. Mollenhauer Labs., Inc.*, the summons and complaint were served on a clerk of a retail store owned by a corporation separate and distinct from the defendant, though both companies had a common officer. 267 F.2d 260, 261 (7th Cir. 1959). The clerk was not an officer or employee of the defendant, nor was she authorized by the defendant to receive service of process. *Id.* at 261-62. The marshal served the clerk and wrote the address for the retail shop, not the defendant, on the proof. *Id.* at 262. The Seventh Circuit held that the purported service of process on the defendant corporation was insufficient, reversing the trial court's prior order. *Id.*

Similarly, in *Stetson China Co. v. D. C. Andrews & Co. of Ill.*, the plaintiff tried to serve a Maryland corporation through the office manager of an "affiliated" Illinois corporation, alleging that the office manager and Illinois corporation were agents of the Maryland corporation. 9 F.R.D. 135, 139 (N.D. Ill. 1948). The district court rejected this argument and quashed the purported service of summons. *Id.* at 140.

In the present case, Ms. Yoon was served not at the office of Casetify, but at the office of another independent company, as reflected in the Affidavit of Service. She is not an officer or employee of Casetify, nor is she authorized by Casetify to receive service of process. Thus, as in *Mollenhauer* and *Stetson China*, the Court should hold that service on Ms. Yoon at Westside Lab's office was insufficient.

4

**B. Service Was Insufficient Under Illinois Law Because Ms. Yoon Was Not Served at the Office of Casetify, Nor Anywhere in the State of Illinois.**

Whether Casetify would be considered an unincorporated association or corporation under Illinois law is unclear, but in either case, service was insufficient. Illinois law allows service of an unincorporated association through an "officer" or "agent." In the case of an "agent," Illinois law imposes the additional requirement that service must take place "at the office of the association." 735 Ill. Comp. Stat. Ann. 5/2-205.1. Here, Ms. Yoon is not an officer or agent of Casetify. Ng Decl. ¶ 7. And even if Ms. Yoon could be considered an "agent," service was not proper because she was not served at the offices of Casetify. *Id.* ¶ 5. In fact, Casetify has no offices in the United States. *Id.* ¶ 2. Instead, Plaintiff served Ms. Yoon at the offices of another company, Westside Lab, for which she also works as an independent contractor. *Id.* ¶¶ 5-7. Westside Lab is not a subsidiary nor a parent company of Casetify. *Id.* ¶ 6. The two companies are independent and conduct business with each other in arms-length transactions. *Id.* Westside Lab provides marketing services to Casetify, and also runs a recycling program for old phone cases, which is why Westside Lab's address in Los Angeles, California is listed on the Support - FAQ page of Casetify's website in response to "Where do I send my cases?" *Id.* Thus, service was insufficient for an unincorporated association under Illinois law.

For a corporation, Illinois law allows service on "its registered agent or any officer or agent of the corporation <u>found anywhere in the State</u>." 735 Ill. Comp. Stat. Ann. 5/2-204 (emphasis added). Ms. Yoon is not Casetify's registered agent, nor is she an officer or agent of Casetify. Ng Decl. ¶ 7. But even if she could be considered an "agent," service was not proper because she was not served in Illinois; she was served in California. *Id.*; ECF 8. Thus, service was insufficient for a corporation under Illinois law.

**C. Service Was Insufficient Under California Law Because Ms. Yoon Is Not Casetify's Designated Agent for Service of Process.**

Under California law, personal service on a limited liability company is proper only on a designated agent for service of process. Cal. Corp. Code § 17701.16(b). Ms. Yoon is not a

5

designated agent for service of process for Casetify. Ng Decl. ¶ 7. Thus, service was also insufficient under California law.

### D. Plaintiff Could Have Properly Served Casetify in Hong Kong Under FRCP 4(f) and the Hague Convention.

FRCP 4(h)(2) provides that an unincorporated association may be served outside the U.S. "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FRCP 4(f)(1) further provides that a person may be served outside the U.S. "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Hong Kong is a party to the Hague Convention.[2] Thus, to properly effect service on Casetify, Plaintiff must follow the Hague Convention requirements.

## III. CONCLUSION

For the foregoing reasons, Casetify respectfully requests that the Court grant its motion and dismiss this case for insufficient service of process.

Dated: June 23, 2016

Respectfully submitted,

CASETAGRAM LIMITED d/b/a CASETIFY

By: /s/ Robert D. Leighton
One of Its Attorneys

Stephen C. Steinberg (*Pro hac vice* pending)
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd., Ste. 300
Lafayette, CA 94549
925-627-4250
ssteinberg@vbllaw.com

Robert D. Leighton
GOLDBERG KOHN, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
312-201-4000
Robert.Leighton@goldbergkohn.com

---

[2] https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/hong-kong-sar-china.html.

6